UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60039-SINGHAL

UNITED STATES OF AMERICA

v.

CARLEEN NOREUS,

Defendant.

# GENERAL ~~GENRAL~~ PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** is before the Court upon motion of the United States for entry of a General Preliminary Order of Forfeiture ("Motion") against Defendant Carleen Noreus (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On March 19, 2026, a federal grand jury returned a Second Superseding Indictment charging the Defendant in Count 1 with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and in Counts 7 with conspiracy to commit money laundering violation of 18 U.S.C. § 1956(h), among other counts. Second Superseding Indictment, Dkt. No. 89. The Second Superseding Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1349, the Defendant shall forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to such off offense pursuant to 18 U.S.C. § 981(a)(1)(C). *See id.* at 11. The Second Superseding Indictment further alleged that upon conviction of a violation of 18 U.S.C. § 1956, the Defendant shall forfeit any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). The Second Superseding Indictment alleged that the property subject to

forfeiture as a result of the alleged offenses includes, but is not limited to: a forfeiture money judgment in the sum of at least $6,473,024.41 in United States currency, which sum represents the value of any property involved in the defendant's commission of the offenses, or any property traceable to such property. *Id.* at 10.

The Second Superseding Indictment further alleged that if any of the property subject to forfeiture, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), which includes, but it not limited to (collectively, "Substitute Property"):

i. Real property located at 301 Farmington Drive, Plantation, Florida 33317; and

ii. A Three-Wheel Motorcycle bearing Vehicle Identification Number 57XAARFAXK8133947.[1]

*Id.* at 11-12.

On June 15, 2026, after a two-week jury trial, the Court accepted the Defendant's guilty plea to Counts 1 and 7 of the Second Superseding Indictment, without a plea agreement. *See* Minute Entry, Dkt. No. 122.

---

[1] The Parties are engaged in settlement negotiations regarding the Substitute Property. Thus, the United States is not seeking forfeiture of those assets at this time.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, Dkt. No. 123.

On August 10, 2026, the United States filed a Motion for Preliminary Order of Forfeiture, Dkt. No. 133, requesting that the Court impose a $10,021,567.00 forfeiture money judgment against the Defendant. On August 24, 2026, Defendant filed her Response to Motion for Preliminary Order of Forfeiture, Dkt. No. 136, which opposed the Government's requested forfeiture money judgment.

Federal Rule of Criminal Procedure 32.2(b)(2)(B) provides that, unless doing so is impractical, a preliminary order of forfeiture should be issued sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant at sentencing. However, Rule 32.2(b)(2)(C) states that in cases where the Court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment, the Court may enter a forfeiture order describing the property in general terms, subject to amendment pursuant to Rule 32.2(e)(1) when the specific property is identified, or the amount of the money judgment is calculated.

The Court finds that at this time it is unable to calculate the amount of the forfeiture money judgment

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, all property, real or personal involved in the offense in violation of 18 U.S.C. § 1956(h), and all property traceable to such property, is hereby forfeited to the United

States.

2. Pursuant to Rules 32.2(b)(2)(C) and (e)(1), the Government may move at any time to amend this order when specific forfeitable property is identified or to move for the entry of a forfeiture money judgment against the Defendant.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 15th day of September 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Cc: All counsel of record